UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BLAINE PENNISON** : **DOCKET NO. 17-cv-875**
 **REG. # 32176034**  **SECTION P**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**CLAY JOHNSON** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Blaine Pennison. Pennison is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

Pursuant to a plea agreement, Pennison was convicted in the United States District Court for the Eastern District of Louisiana of one count of conspiracy to distribute at least 50 grams of a mixture containing methamphetamine, a violation of 21 U.S.C. § 846, and one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). *United States v. Pennison*, No. 2:11-cr-268, docs. 73, 76 (E.D. La. Mar. 12, 2014); *see id.* at doc. 83. He had been arrested

for these offenses on August 13, 2009, causing his parole on Louisiana state charges to be revoked on October 26, 2009. *See, e.g.*, *id.* at doc. 94, p. 1.; *id.* at doc. 105, atts. 1 and 4. On March 21, 2014, he was sentenced to 100 months on each of his federal counts, to be served concurrently. *Id.* at doc. 83, p. 2; *id.* at doc. 84, p. 30. At the sentencing hearing, the probation officer stated that "probation would not be opposed to the Defendant getting credit all the way back to . . . the 2009 gun charge," and Judge Duval ordered the federal sentences to run concurrently to the remainder of time Pennison was serving for the state parole violation. *Id.* at doc. 84, pp. 28–30; *see id.* at doc. 83, p. 2.

On December 3, 2014, the court granted Pennison's motion to amend/correct sentence and ordered that he "receive credit for time served from the time of his arrest on August 13, 2009 on the related State charge." *Id.* at doc. 89, p. 1. However, on October 1, 2015, after consultation with the BOP, the court determined that Pennison could only be credited with time from August 13 through October 25, 2009, when his revocation sentencing took effect and his time in custody began to count toward his state sentence. *Id.* at doc. 94.

On November 18, 2015, the court granted Pennison's motion to reduce sentence [*id.* at doc. 85] on the grounds that his terms of imprisonment were based on a sentencing range that was subsequently lowered by the Sentencing Commission. *Id.* at doc. 95. The court reduced Pennison's federal sentence from 100 months to 84 months on both federal counts. *Id.*

On May 16, 2016, Pennison filed another motion to reduce sentence in the Eastern District. In that motion he asked the court to consider the factors outlined in U.S.S.G. § 5G1.3(c) and reduce his sentence in order to credit him with time served from August 13, 2009, to his sentencing in the Eastern District on March 12, 2014. *Id.* at doc. 100, att. 1, pp. 5–8; *see id.* at doc. 112. He emphasized probation's lack of opposition to such a credit. *Id.* at doc. 100, att. 1, p. 8. The court

declined the request, determining that it lacked a jurisdictional basis to address Pennison's request for reduction of sentence.[1] *Id.* at doc. 112, pp. 6–7. It also noted the restrictions of 28 U.S.C. § 3585(b) and admitted that at the time of the sentencing hearing and the December 2014 order it had been "under the mistaken apprehension that the period of time comprised of time served on the parole revocation [prior to imposition of the federal sentence] could be credited [to the federal sentence] when by statute, it could not." *Id.* at doc. 112, p. 2.

Pennison now seeks reduction of his sentence in this court through the instant petition, requesting that all time credited to his state parole revocation sentence between August 2009 and March 2014 be credited concurrently to his federal sentence. Doc. 1, att. 2. He argues that the designation is within the federal sentencing court's discretion, and that Judge Duval gave sufficient direction at his sentencing. *Id.* at 3–5. He also maintains that the BOP's refusal to make this designation represents an abuse of authority. *Id.*

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut*

---

[1] In that opinion the Eastern District also noted that Pennison had already been credited with time from September 2012 through March 2014. *Id.* at doc. 112, pp. 5–6.

*v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court does retain discretion to order a term of imprisonment to order concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). However, it has no authority to designate credit for time already served. *See, e.g.*, *Wilson*, 112 S.Ct. at 1353–54.

A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Under § 3585(b), a defendant is to be given credit toward his federal term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." Despite any intention on the part of Judge Duval at the time of sentencing or thereafter that Pennison receive this credit, he was not empowered to award it. Pennison presents no other basis, in either his petition or his attached requests for administrative review, from which

we could ascertain any error in the BOP's calculations. *See* doc. 1, atts. 2 and 3. Accordingly, his petition is plainly without merit and must be dismissed.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE